## 10935.  WILLIAMS v. THE STATE.

BROYLES, C. J.  1. The court did not err in admitting the physical evidence as complained of in the special ground of the motion for a new trial.  This evidence was a circumstance in the case and was admissible for what it was worth.

2. The evidence amply authorized the defendant's conviction, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 9, 1919.

Indictment for possession of intoxicating liquor; from Brooks superior court—Judge Thomas.  September 5, 1919.

According to the evidence for the State, the defendant, when

35

arrested at the railroad-station in Thomasville, on the charge of having whisky in his possession, had in his arms a package containing about ten half-pints of whisky, and was standing among several suit-cases filled with pints and half-pints of whisky, one of which was marked "Moses Williams, Thomasville, Ga." The defendant had a minor son of that name, and was then living near Thomasville. The only person near him when the officers first saw him on that occasion was his brother Arch Williams. A train had just passed and several passengers had alighted and gone off. The suit-cases against which the defendant was standing were between the main line and a side-track of the railroad. When told of the charge against him the defendant said, "You have got me. Can't we settle it in some way?" And he proposed that the officers take the whisky and let him go. He did not deny to the officers that he owned the suit-cases; he said nothing about them. Two of the suit-cases, including the one marked with the name Moses Williams, were introduced in evidence, over the objection of the defendant that they had not been identified as belonging to him, and were irrelevant and immaterial. These two suit-cases were the physical evidence referred to in the first paragraph of the foregoing decision.

*Bennet & Harrell,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.